**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BLUEFIELD**

**HARRY EDWARD DEAKINS, et al.,**

**Debtors-Appellants,**

**v.** **CIVIL ACTION NO. 1:05-0813**

**ROLAND A. TACKETT,**

**Creditor-Appellee.**

**MEMORANDUM OPINION**

At issue in this bankruptcy appeal is the bankruptcy judge's decision to deny debtors' motion to avoid a lien held by creditor Roland A. Tackett and to cancel a hearing scheduled for September 16, 2005. (See Doc. No. 1 at 1.) For the reasons outlined below, in a Judgment Order filed herewith, the court hereby denies this appeal.

**I**

This case began when the debtors filed, pro se, a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia on June 8, 2005. (See Doc. No. 7 at 1.) Harry E. Deakins scheduled a "Mobile Home located at 2004 Marigold Circle, Lot 78, Princeton, WV 24740" on Schedule A – Real Property and claimed to own a "lifetime-estate" in the mobile home. (See Doc. No. 2-2 at 4.) At the meeting of

creditors on July 8, 2005, Deakins claimed a life estate in a 2000 Clayton double-wide mobile home, Serial No. CH0000021KYAB, and that the original purchaser of the mobile home, Sean Elliot Deakins, had conferred this life estate on November 1, 2000, by "verbal contract."  (See Doc. No. 2-1 at 28.)

The creditor-appellee here, Roland A. Tackett, responded to Deakins's statements by providing a security agreement and title for the mobile home, both showing that these items were owned by Sean Elliot Deakins.  (See Doc. No. 7 at 2.)  Additionally, Tackett provided a Virginia title certificate showing Sean Elliot Deakins as owner.  The creditor-appellee then averred that the debtors had no right or standing to ask the court to avoid the security interest in that the mobile home was not the property of the bankruptcy estate, and, as such, the court had no jurisdiction over it.  (See id.)

The bankruptcy court's August 4, 2005, order provided that "Upon review of the pleadings and the certificate of title to the mobile home, the Court determined that the mobile home is not owned by the debtors and that the debtors' Motion to Avoid Lien must be denied."  (See Doc. No. 2-1 at 10.)  This appeal then followed.

**II**

Title 11 U.S.C. section 541(a)(1) defines "property of the estate" as " . . . all legal or equitable interests of the debtor in property as of the commencement of the case." Whether a debtor's interest constitutes "property of the estate" is a federal question. See Lewis v. Charles R. Hall Motors, Inc. (In re Lewis), 137 F.3d 1280, 1283 (11th Cir. 1998). Nonetheless, "the nature and existence of the [debtor's] right to property is determined by looking at state law." Id. (quoting Southtrust Bank of Ala. v. Thomas (In re Thomas), 883 F.2d 991, 995 (11th Cir. 1989)). The Supreme Court laid out this principle squarely in Butner v. United States, 440 U.S. 48, 55 (1979), where it reasoned:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."

Id. (quoting Lewis v. Manufs. Nat'l Bank, 364 U.S. 603, 609 (1961)).

The relevant law in this case is Virginia law, because Virginia is the last place the mobile home was officially titled.

Under Virginia law, it is a long-settled principle that the person listed on an automobile title is conclusively the owner of the vehicle. See generally Nationwide Ins. Co. v. Storm, 200 Va. 526, 106 S.E.2d 588 (1959); Sauls v. Thomas Andrews & Co., 163 Va. 407, 175 S.E. 760 (1934); Thomas v. Mullins, 153 Va. 383, 149 S.E. 494 (1929). Federal courts have consistently applied this presumption. See U.S. Fid. & Guar. Co. v. Trusell, 208 F. Supp. 154, 159 (W.D. Va. 1962); Eureka-Security Fire & Marine Ins. v. Maxwell, 276 F.2d 132 (4th Cir. 1960); Staunton Indus. Loan Corp. v. Wilson, 190 F.2d 706 (4th Cir. 1951).

Virginia Code § 46.2-620 provides that "every certificate of title issued under this chapter shall be valid for the life of the motor vehicle, trailer, or semitrailer so long as the owner to whom it is issued shall retain legal title or right of possession of or to the vehicle." Parties who want to transfer an interest or title in a vehicle such as a mobile home must "fully and correctly endorse the assignment and warranty of title on the certificate of title . . . with a statement of all security interests on it, and shall deliver the certificate to the purchaser or transferee at the time" the vehicle is delivered. Id. § 46.2-628.

Even though debtors-appellants chose not to re-register the title upon moving the mobile home to West Virginia, thus causing it to be more appropriate to apply Virginia law, the court would

reach the same answers under the laws of this state. Under West Virginia law, even if the principles are not as uniform, the debtors-appellants evidence is not sufficient to overcome the presumption created by the title document. See Keyes v. Keyes, 182 W. Va. 802, 804, 392 S.E.2d 693, 695 (1990). Under West Virginia law, the affidavit of the debtors-appellants' son, provided ex parte to the bankruptcy court, may provide evidence of ownership vis-a-vis the son, but is not sufficient to establish ownership vis-a-vis the creditor-appellee. See generally id.

Here, the debtors-appellants state that the bankruptcy judge acted improperly when, through recourse to the title and other documents provided by the creditor-appellee, he determined the ownership of the vehicle without holding a hearing because, at the time the judge cancelled the hearing, he would have been able to show that he possessed a lifetime estate in the mobile home. (See Doc. No. 8 at 2.) The debtors-appellants assert that such estate was created through a verbal transfer of a life estate between themselves and their son. (See Doc. No. 8 at 2.)

The debtors-appellants' argument necessarily fails. The relevant provisions of the Virginia Code do not permit oral transfers. Virginia Code § 46.2-628 explicitly states that the only way to transfer an interest or title is through endorsing the assignment and warranty of title on the certificate of title. Although debtors-appellants note that the law does not bar oral

transfers of interest or title, because debtors-appellants and their son did not comply with the procedures outlined under the relevant statute, their transfer is void.

The debtors-appellants cite Taylor v. Freedland & Krontz, 503 U.S. 638 (1992), as providing authority to overturn the decision of the bankruptcy judge. The debtor in Taylor declared bankruptcy while she was pursuing an employment discrimination claim in state courts. See id. at 640. While an appeal on the employment discrimination claim was pending, the debtor filed bankruptcy. Id. When the appointed bankruptcy trustee attended the initial meeting of creditors, he did not object to the debtor's claim of proceeds from the employment discrimination litigation as exempt from being part of the bankruptcy estate because he believed the claim worthless. Id. at 641. When the lawsuit later proved to have value, the trustee attempted to have the proceeds turned over to the bankruptcy estate, but the debtor objected. Id. The Supreme Court, in the end, sided with the debtor. Id. at 642.

Taylor is inapplicable here as the dispute is not over whether or not a particular interest is part of the bankruptcy estate, but instead whether the debtor has any interest at all. Because the debtors-appellants' "verbal contract" with their son never effectively transferred any interest or title, it does not matter that the creditor-appellee did not raise this issue earlier. As there is no interest in the mobile home, it cannot be part of the bankruptcy estate. The creditor-appellee's failure to

object earlier cannot give the debtors-appellants an interest to property they do not have. Generally, parties cannot pass better title or right in collateral than what they have. See, e.g., Whittaker v. Ford Motor Credit Co. (In re Edney), 1995 U.S. App. LEXIS 954, at *6 (6th Cir. Jan. 17, 1995). As such, debtors-appellants' argument that the creditor-appellee's claim is moot is unavailing.

The court also explicitly rejects the remainder of the debtors-appellants' arguments because it finds that the bankruptcy judge's review of the title document was necessarily dispositive. The court rejects petitioner's "anticipatory breach" argument because, as no interest or change in title was recorded as provided under the Virginia Code, any contract between the parties does not come into play. As such, this argument necessarily fails. Similarly, the court rejects the debtors-appellants' argument that the creditor-appellee's lack of possession renders the bankruptcy judge's decision improper because the relevant title documents do not show the debtors-appellants having any interest in the mobile home.

**III**

As the creditor-appellee correctly notes, Bankruptcy Rule 7056 makes applicable the procedures more typically used under Rule 56 of the Federal Rules of Civil Procedure. The court's review of the title, in conjunction with its review of applicable Virginia law, conclusively establishes that the mobile home was

not part of the bankruptcy estate. Given that this was the case, the bankruptcy judge did not need to hold further hearings. No further evidence would have been either necessary or helpful. As such, it acted appropriately when it cancelled its hearing. Because the court acted appropriately, by separate judgment order, this appeal is dismissed.

The Clerk is directed to send copies of this Memorandum Opinion to all counsel of record.

IT IS SO ORDERED this 27th day of March, 2006.

ENTER:

David A. Faber
Chief Judge